■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. KEANE, JR., Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered July 12, 1979, upon a verdict convicting defendant of the crimes of operating a motor vehicle while under the influence of alcohol as a felony and driving while ability impaired. There should be a reversal. The People failed to present proof from which the jury could find that the breathalyzer test was administered to the defendant within two hours of his arrest for driving while intoxicated as required by subdivision 1 of section 1194 of the Vehicle and Traffic Law (see *Matter of White v Melton,* 60 AD2d 1000, 1001; *People v Bock,* 77 Misc 2d 350). Although it was established that the arrest occurred at about 9:50 P.M. by the direct testimony and that the defendant thereafter was taken a short distance to the Ithaca City Police Station in the Hall of Justice Building, the time the breath sample was taken from him was not established. Defendant was first taken to an interview room on the second floor where he was questioned about his drinking activities and other personal information. However, the record is silent as to how long the defendant remained in the interview room before walking down the hall to the breathalyzer test room where the breath sample was obtained. The proof does indicate that the breathalyzer machine was not turned on until a time subsequent to defendant's arrival at the station, but this does not fill the time gap. The jury, therefore, could only speculate that the breath sample was obtained within two hours of the arrest. In the absence of this vital proof, the chemical test results were not admissible in evidence (Vehicle and Traffic Law, § 1194, subd 1; § 1195, subd 1; cf. *People v Hummel,* 81 Misc 2d 280). Respondent's argument that the presumption contained in subdivision 9 of section 1194 of the Vehicle and Traffic Law is prima facie evidence that the breathalyzer test was administered within two hours of defendant's arrest is rejected. This section provides that where the analysis of a person's blood, urine, breath or saliva was made by an individual possessing a permit issued by the Department of Health, it shall be presumptive evidence that the examination was properly given. This section relates to the qualifications and competence of an individual to conduct and supervise the chemical analysis of a person's blood, urine, breath or saliva and not to proof that the sample was obtained within two hours of the arrest. Likewise, respondent's assertion that the operator's testimony that he performed the test properly establishes prima facie proof that the sample was taken within two hours of the arrest, is also rejected. Judgment reversed, on the law, and a new trial ordered. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.