opinion of the court
Seymour Lakritz, J.
The defendant has been indicted for the crimes of manslaughter in the second degree, vehicular manslaughter, criminally negligent homicide and operating a motor vehicle while under the influence of alcohol; said charges arising out of the defendant’s alleged reckless operation of a motor vehicle on December 3, 1983, while under the influence of alcohol. Following the defendant’s arrest on said date and upon his refusal to submit to a chemical test for the purpose of determining the alcoholic content of his blood, a court order was obtained compelling the defendant to submit to such test pursuant to section 1194-a of the Vehicle and Traffic Law. As the People concede, the blood test was administered more than two hours after the defendant’s arrest.
The defendant has now moved for an order precluding the People from offering at trial testimony from an expert regarding the blood alcohol content of the defendant, as determined by said test. It is the defendant’s position that because the test was administered more than two hours after the defendant was placed under arrest for the present charges, the introduction of expert testimony concerning *1051 the interpretation of the test results is prohibited by the Vehicle and Traffic Law, and further, that the mere attempt to introduce same at trial would have a prejudicial effect upon the rights of the defendant. The defendant cites subdivision 1 of section 1194 which provides, in pertinent part, that: “[a]ny person who operates a motor vehicle * * * shall be deemed to have given his consent to a chemical test of his * * * blood * * * for the purpose of determining the alcoholic * * * content of his blood provided that such test is administered * * * within two hours after such person has been placed under arrest” (emphasis supplied).
In opposition thereto, the People contend that the mere fact that the blood test was taken more than two hours after the defendant’s arrest does not warrant preclusion of this evidence at trial. They argue that since the test was administered by court order, pursuant to section 1194-a, and not section 1194 of the Vehicle and Traffic Law, then the former statute is controlling. The People contend that because section 1194-a is silent (as opposed to section 1194) with regard to a time limitation for conducting the test, “the legislature must have meant that (the two hour limitation) not be a necessary precondition” to the introduction of testimony concerning a blood test conducted pursuant to court order.
This court does not agree with the theory advanced by the People. Resort to the 1983 McKinney’s Session Laws of New York and, more specifically, the legislative memorandum prepared in support of the instant amendment, clearly indicates that while the Legislature was validly concerned about the need for implementation of a court ordered testing procedure, they did not, as the People suggest, intend to do away with the safeguards delineated under section 1194. Under the heading “Compulsory Chemical Tests for Intoxication”, subtitled “Memorandum of Legislative Representative of City of New York” (McKinney’s Session Laws of NY, 1983, ch 481, p 2569), the following language is included: “chemical test may be administered only in accordance with existing guidelines in Section 1194 of the Vehicle and Traffic Law” (emphasis supplied). One of those guidelines is that the test must be performed within two hours after the defendant’s arrest.
*1052 In view of the fact that evidence of the taking of the blood test and the results thereof would be inadmissible at trial, because of the delay in its administration, it would therefore be incongruous to permit an expert witness to offer his or her opinion with regard to same. Consequently, this court holds that the People, in the present case, are to be precluded from attempting to introduce at trial expert testimony regarding the results and interpretation of the blood test performed herein.
Accordingly, the defendant’s motion for an order of preclusion is granted.