OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was involved in a two-car accident in which the driver of the other vehicle was fatally injured. Subsequently charged in an eight-count indictment with manslaughter in the second degree, criminally negligent homicide, driving while intoxicated, and other violations of the Vehicle and Traffic Law, he sought to suppress the results of a chemical blood test administered without his consent pursuant to a search warrant (CPL 690.10). County Court granted the motion. The Appellate Division reversed and denied suppression.
Defendant relies upon People v Moselle (57 NY2d 97) for the proposition that the provisions of Vehicle and Traffic Law § 1194, in effect at the time of the accident, constitute the *848 exclusive method of obtaining a blood sample for a violation of Vehicle and Traffic Law § 1192. Although two of the three prosecutions in Moselle involved Penal Law violations in addition to Vehicle and Traffic Law violations, there was not in those cases, as there is here, a court order based on probable cause, authorizing the taking of a blood sample. It is clear that a search warrant may validly be issued to obtain a blood sample in the event of a violation of the Penal Law (Matter of Abe A., 56 NY2d 288), and, in such circumstances, we decline to extend Moselle to require separate resort to Vehicle and Traffic Law § 1194 to sustain Vehicle and Traffic Law offenses which are part of the same indictment. Moreover, the Legislature has amended Vehicle and Traffic Law § 1194 (L 1983, ch 481) to overrule Moselle on its facts.
Defendant’s remaining contention is without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur; Judge Simons taking no part.
Order affirmed in a memorandum.