*387 OPINION OF THE COURT
Bernard J. Fried, J.
The main issue is whether suppression is required of evidence of the amount of alcohol (.29%) and drugs (cannabinoids and traces of cocaine) in the defendant's blood, as shown by a chemical test administered following the granting of an oral, telephonic application for a court order, where neither the applying officer nor accompanying Assistant District Attorney prepared a written order, to be signed by the applicant, as required by Vehicle and Traffic Law § 1194-a (3) (d).
There is virtually no dispute as to the facts: On August 7, 1985, the defendant, then a few months under 21 years of age, was operating a motor vehicle while intoxicated. He hit several cars, ultimately causing the death of a 74-year-old pedestrian. Thereafter, police officers responded to the scene and observed the defendant to be intoxicated. After defendant was placed under arrest, he was advised of his Miranda rights and transported to Montefiore Hospital where, without any questioning, he blurted out that he had had "a few drinks and some smoke”. While being treated by an attending physician, in the presence of a police officer, he further stated that he had had "three drinks”. Although the defendant consented to an "alcosensor” test, which showed results of .28%, he refused to submit to a blood test. An Assistant District Attorney was contacted, and came to the hospital. Thereafter, a Judge of the Criminal Court of New York City, then presiding over a nighttime arraignment part, was contacted and arrangements were made for the arresting officer to make an oral, telephonic application, as authorized by section 1194-a. The telephone proceedings, a three-way conversation involving the officer, the Assistant District Attorney, and the Judge, were stenographically recorded. After swearing the applicant, the Judge determined that reasonable cause existed to satisfy the requirements of the statute, and granted "the application for the issuance of a search warrant — to seize such a [blood] sample”. At this point the prosecutor informed the Judge that "I will instruct the officer to report to the Criminal Court as soon as this is typed — I understand it has to be filed with the Court within 24 hours”. To which the Judge replied "correct”. The prosecutor further stated "And the officer must sign it, in addition to your Honor. I understand also that the date and time must be on it”. This time the Judge replied "yes”.
Following this telephonic proceeding, the applying officer *388 orally advised an officer from Highway Unit Number One, who was at the hospital, that there was authority to take the defendant’s blood. The highway patrolman then "got the doctor * * * [who] took the blood from” the defendant. At no time was there compliance with paragraph (d) of Vehicle and Traffic Law § 1194-a (3) which states: "When a judge or justice determines to issue an order to compel submission to a chemical test based on an oral application, the applicant therefor shall prepare the order in accordance with the instructions of the judge or justice. In all cases the order shall include the name of the issuing judge or justice, the name of the applicant, and the date and time it was issued. It must be signed by the judge or justice if issued in person, or by the applicant if issued orally.” (Emphasis added.)
At the hearing, the prosecutor who assisted in the oral application stated that she believed this requirement to be satisfied by her procedure of obtaining the signatures of both the Judge and the applicant on the written transcript of the telephone proceeding, within 24 hours. However, this overlooks the clear and explicit statutory command of subdivision (3) (d) that an order be prepared when the authorization is obtained, not afterwards. The People urged this position at the hearing, as well as the argument that there has been essentially a "good-faith” attempt to comply with the statute, and that all that occurred was a technical violation.
Turning first to the "good-faith” argument. It is not disputed that the Assistant District Attorney honestly believed that the procedure used complied with the statute. Moreover, this appears to also have been the mistaken belief of the issuing Judge, who agreed with the Assistant that the transcript had to be typed and signed by both the court and the officer, within 24 hours. However, the "good-faith” exception, set forth in United States v Leon (468 US 897) has been specifically repudiated by the Court of Appeals "on State constitutional grounds” (People v Bigelow, 66 NY2d 417, 427 [1985]), and thus the People cannot avail themselves of this theory in opposing suppression. It is necessary, therefore, to determine if the violation of the explicit command of subdivision (3) (d) warrants suppression on statutory grounds.
Vehicle and Traffic Law § 1195 (3) provides that an aggrieved person may move, under CPL article 710, to suppress evidence obtained under section 1194-a "on the grounds that the order was obtained and the test administered in violation of the provisions” of that section. And predictably, article 710 *389 includes a similar ground for suppression of such evidence. (CPL 710.20 [5].) There is, of course, no requirement that the suppression may be granted only on constitutional grounds. Indeed, suppression for a statutory violation is clearly contemplated. (See, People v Moselle, 57 NY2d 97, 109 [1982].)
In Moselle (supra), the Court of Appeals affirmed the suppression of the results of the examination of blood samples taken without court authorization from persons who had refused to submit to such tests under Vehicle and Traffic Law § 1194. It was held that section 1194, which permitted consensual blood tests of the operator of a motor vehicle, was the exclusive authority for such tests absent a court order. Thus, even though the seizure of a blood sample from a motorist without prior authorization is not necessarily required by the 4th Amendment (Schmerber v California, 384 US 757 [1966]) as pointed out in the dissenting opinion of Judge Jasen, the evidence was suppressed by the Moselle court. The court found that the Legislature by enacting CPL 240.40 (2) (b) (v), authorizing an order for a blood sample, had preempted the area and that "[n]o room is then left for the taking of samples of blood otherwise than pursuant to a court order issued under CPL 240.40 or a court order otherwise authorized by law (or in conformity with § 1194 [consensual test])”[1] (57 NY2d, at p 110).
As a specific response to Moselle, the Legislature enacted section 1194-a to "permit a police officer or a district attorney to obtain a court order compelling a person to submit to a chemical test to determine the alcoholic or drug content of his blood” (Governor’s approval mem, 1983 McKinney’s Session Laws of NY, at 2776). But, besides providing specific authority for an ex parte court-ordered blood test, similar to a search warrant and not adversarial as in CPL 240.40, the Legislature also authorized application for such order to be made "by telephone, radio or other means of electronic communication, or in person” (Vehicle and Traffic Law § 1194-a [3] [a]). This procedure "is modelled conceptually after New York’s telephonic search warrant law (c. 679 L. 1982) [CPL 690.25 (1); 690.36, 690.45 (2)] and allows for the prompt taking of blood before the alcohol level has deteriorated and the crucial evidence is lost” (NY State Assem mem in support of legislation, at 2 [bill jacket]).
*390 Section 1194-a, which explicitly permits oral application for an authorizing order, established a detailed application procedure which must be followed: The applicant must be placed under oath, he must provide the information specified in the statutes, and the entire oral application must be recorded. Thereafter, the section requires that an order be prepared in accordance with the instructions of the issuing Judge, to be signed by the issuing Judge if it was issued in person, otherwise, to be signed by the applicant (subd [3] [d]). Other than the provision that the applicant sign the order, this requirement of a written order is essentially the same as that for search warrants issued on oral application, except that CPL 690.40 (3) also requires, after the applicant prepares the search warrant, that it be read verbatim to the issuing Judge. In this regard, the following excerpt from the legislative history of the amendment to article 690 ("Search Warrants— Oral Application by Telephone or Other means” [L 1982, ch 679]) is illuminating: "Once a judge decided to issue a warrant, the applicant would prepare it and read its contents to the court” (mem of Legislative Representative of City of NY, 1982 McKinney’s Session Laws of NY, at 2540).
In People v Crandall (108 AD2d 413 [3d Dept 1985]), the Third Department was squarely faced with almost the identical question presented here, although in the context of CPL article 690. There, an oral application for a search warrant authorizing a search for illegal drugs was made via telephone and the application was granted. The applicant, however, failed to prepare the written warrant and then read it to the Judge.[2]
Analyzing the statute, Crandall held that the amendments to the CPL, like those here to the Vehicle and Traffic Law, "were intended only to authorize oral applications, not verbal search warrants.” (108 AD2d, at p 417.) The court also held that the failure to prepare a written warrant (or in this case, under the Vehicle and Traffic Law, an order) "should [not] be overlooked on a theory of substantial compliance * * * and [because] the oral authorization for the search was later transcribed.” (Supra, p 417.) In holding that strict adherence to the statute was required, the court stated that "[mandating the reduction of the warrant to a written instrument” provides important and immediate safeguards, as to both the existence and the scope of the authorization, to possessors of *391 the property sought as well as to law enforcement personnel. (Supra, p 418.) In addition, the court was "mindful that a verbal authorization to search would radically depart from a long, unbroken common-law tradition that a judicial fiat must be in writing before it can effectively impinge upon important rights. The Legislature in 1982 opted not to take that drastic step, and this court should not do so through the guise of finding substantial compliance” (supra, p 418).
So too here. A written authorizing order, prepared by the applicant and signed by either the issuing Judge or the applicant as required by statute, would ensure that the person withdrawing the blood sample[3] has clear notice as to whom the person to be tested is, and as whom the issuing Judge is, and as to the other items specified in subdivision (3) (d). Moreover, the person whose privacy is being invaded, pursuant to the judicial order, will also have clear proof of the existence of such order, the scope of the authority, and the identity of the issuing Judge. Finally, to require law enforcement personnel to strictly adhere to the clear mandate of section 1194-a (3) (d) will not interfere with the need for promptness in withdrawing the blood sample: a simple form such as that which appears in New York Consolidated Laws Service, Book 38 (Vehicle and Traffic Law § 1194-a [1985 Supp], at 72-73) can and should be easily made available to all highway patrol units. Or, a similar, equally brief form, can be devised and issued by the appropriate law enforcement agency. Nothing more is required.
In sum, I conclude, because of the violation of the explicit mandate of section 1194-a, analyzed under the statutory, nonconstitutional suppression requirements of New York law as discussed above, that the results of the chemical test at issue here are not admissible.[4]
Accordingly, the motion to suppress the evidence seized pursuant to the oral telephonic request is hereby granted.

. At the time of People v Moselle (57 NY2d 97), there was no statutory authorization for judicially ordered blood tests, other than CPL 240.40 (2) (b) (v).

. People v Crandall (108 AD2d 413, 416) disregarded other defects as not fatal to the validity of the warrant.

. Persons authorized to take blood samples are specified in Vehicle and Traffic Law § 1194 (7) (a).

. Because of this holding, I deem it unnecessary to decide whether a court-ordered chemical test must be performed within two hours of arrest as required under Vehicle and Traffic Law § 1194. However, it is my view that People v Morse (127 Misc 2d 468 [County Ct, Essex County 1985]) holding that the two-hour limitation provided in section 1194 does not apply to chemical tests which are court ordered under section 1194-a, was correctly decided. (Contra, People v D’Angelo, 124 Misc 2d 1050 [Sup Ct, Queens County 1984].)