THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY J. MILLS, JR., Appellant.

The defendant was the driver of a car involved in a two-car collision in which the driver of the other vehicle was killed. On this appeal, the defendant contends that the court erred in denying his motion to suppress the results of a blood alcohol test administered to him following his arrest. It is conceded that the blood test was administered with the defendant's express consent. He argues, however, that since the People failed to establish that the blood test was administered within two hours of his arrest in accordance with Vehicle and Traffic Law § 1194 (1), the results of that test must be suppressed. We disagree.

Vehicle and Traffic Law § 1194 (1) establishes a method whereby a blood sample may be obtained from a driver who is suspected of operating a vehicle under the influence of alcohol

or drugs, in violation of Vehicle and Traffic Law § 1192, without obtaining his express consent to do so, provided there is reasonable cause to believe he is in violation of Vehicle and Traffic Law § 1192, and provided further that the test is administered within two hours after the driver's arrest. Thus, Vehicle and Traffic Law § 1194 (1) permits a blood sample to be obtained from an individual who is either unconscious or otherwise incapable of giving consent without the necessity of obtaining a court order (see, People v Kates, 53 NY2d 591). The requirement that the blood sample be obtained within two hours after arrest, however, is relevant only with regard to blood samples obtained in cases where no express consent has been given. Thus, for example, it has been recognized that the two-hour requirement does not extend to blood samples obtained by court order pursuant to Vehicle and Traffic Law § 1194-a, where there has been a refusal to submit to a request for a blood test (see, People v Morse, 127 Misc 2d 468; contra, People v D'Angelo, 124 Misc 2d 1050). Furthermore, the Court of Appeals has recently pointed out that in cases where there has been a violation of the Penal Law, as well as a possible violation of Vehicle and Traffic Law § 1192, a blood sample may be obtained pursuant to a validly issued search warrant without resort to Vehicle and Traffic Law § 1194 (see, People v Casadei, 66 NY2d 846; see also, Matter of Abe A., 56 NY2d 288). It is only logical to conclude that if a blood sample may be obtained by means of a search warrant, as to which there is no specific time requirement, it may also be obtained by means of express consent. The flaw in the defendant's argument is his failure to recognize that Vehicle and Traffic Law § 1194 and Vehicle and Traffic Law § 1194-a, and the case law construing those provisions, are designed to govern situations in which a blood sample is obtained by implied consent or by court order, and have no bearing upon cases in which there has been an express manifestation of consent (see, People v Moselle, 57 NY2d 97, 101).

As to the defendant's point concerning the People's alleged failure to properly preserve, for purposes of discovery, a second vial of blood taken from the defendant (see, People v Kelly, 62 NY2d 516), that issue was waived by the entry of the defendant's guilty plea (see, People v Di Raffaele, 55 NY2d 234, 240; People v Thomas, 53 NY2d 338).

We have examined the defendant's remaining contention and find it to be without merit (see, People v Baldi, 54 NY2d 137). Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.