OPINION OF THE COURT
David D. Egan, J.
The defendant seeks an order pursuant to CPL article 710 suppressing the results of a nonconsensual test of his blood on grounds that section 1194-a of the Vehicle and Traffic Law was not complied with.
After a serious auto accident, the defendant was taken to a *1074 hospital and arrested for driving while intoxicated at about 6:30 p.m. on April 24, 1987. The defendant refused to submit to a blood test to determine the alcohol content of his blood. The police contacted an Assistant District Attorney at his home by phone. From his home the Assistant District Attorney phoned a County Court Judge at his home. At no time were police officers or others with actual personal knowledge of the facts of the incident put under oath to give sworn testimony prior to the granting of the court-ordered blood test, nor did the Judge have contact with anyone other than the Assistant District Attorney. The order was orally granted over the phone to the Assistant District Attorney who then telephoned a police officer at the hospital who in turn told the doctor of the oral order of the court. The defendant’s blood was forcibly removed at about 7:27 p.m. on April 24, 1987. The order of the Judge was prepared, signed and filed April 27, 1987. There was no order prepared at the time the oral order was given by the Judge to the Assistant District Attorney.
Section 1194-a was enacted in response to People v Moselle (57 NY2d 97 [1982]) in which the Court of Appeals affirmed the suppression of blood sample analysis taken without court authorization where the defendant refused to consent to the blood test under Vehicle and Traffic Law § 1194. Without compliance with section 1194-a, the test results must be suppressed. (People v White, 133 Misc 2d 386 [1986].)
In this case the Assistant District Attorney had no personal knowledge of facts to support the application for the court-ordered blood test. Those with personal knowledge, which they apparently provided to the Assistant District Attorney, not only gave no sworn allegations of fact in support of the application, but they gave no statement whatever to the Judge considering the application. Therefore, section 1194-a (3) (b) and (c) were not complied with, in that they require the court to place under oath the applicant and any other person providing information in support of the application. The applicant must make specific allegations of fact. The statute makes no provision for an application based on hearsay, which in this case would amount to an application based on solely hearsay information provided by the Assistant District Attorney.
Also, section 1194-a (3) (d) was not complied with in that it provides, "When a judge * * * determines to issue an order to compel submission to a chemical test based on an oral application, the applicant therefor shall prepare the order * * * In *1075 all cases the order shall include the name of the issuing judge * * * the name of the applicant, and the date and time it was issued. It must be signed by the judge * * * if issued in person, or by the applicant if issued orally.” The statutory language clearly contemplates a written order prepared by the applicant on the other end of the phone line and signed by the applicant at that time because obviously the Judge is not present to do it in person. The Legislature must have felt that the taking of blood from a person without consent was of sufficient importance to require written documentation.
Accordingly, the defendant’s motion to suppress the blood test results is granted.