THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICH-
ARD MCGRATH, Respondent.

Second Department, February 1, 1988

**APPEARANCES OF COUNSEL**

*Francis D. Phillips, II, District Attorney (Charles A. Esposito* and *Barbara Strauss* of counsel), for appellant.

*Stuart I. Greenberg* for respondent.

**OPINION OF THE COURT**

SPATT, J.

The question of law presented on this appeal—whether a court-ordered chemical test to determine the alcohol or drug content of a person's blood must be administered within a specific time after a subject's arrest—has not previously been determined by an appellate court in this State. We hold that chemical tests performed pursuant to a court order issued in compliance with Vehicle and Traffic Law § 1194-a are not subject to the two-hour limitation for tests performed pursuant to Vehicle and Traffic Law § 1194 or any other specific time limitation. The time for administering court-ordered chemical tests is limited only by considerations of due process.

The defendant was indicted for numerous crimes, including a violation of Vehicle and Traffic Law § 1192 (2), charging that he operated a motor vehicle while under the influence of alcohol. The charges arose out of an automobile accident which occurred on Saturday evening, March 8, 1986, at approximately 7:00 P.M. The defendant allegedly caused the accident which resulted in serious injuries to four people in another car. The police officer who responded to the scene of the accident was of the opinion that the defendant was intoxicated based on his observations of the defendant and statements made by the defendant. Accordingly, in the hospital at 8:15 P.M., he placed the defendant under arrest and asked him to consent to a blood test to determine the level of alcohol in his blood. The defendant repeatedly refused. Consequently, the officer began telephoning various Judges for the purpose of obtaining an order, pursuant to Vehicle and Traffic Law

§ 1194-a, directing that a blood test be performed. After almost an hour of telephoning, the officer finally located a Judge at home who heard his application. At 10:20 P.M., the application for a court-ordered blood test was granted. At 10:35 P.M., 2 hours and 20 minutes after the arrest, the test was performed by a doctor. The test results allegedly indicated a blood alcohol content of .23 of 1%.

Following the filing of the indictment, the defendant moved, *inter alia,* to suppress the results of the blood test and to dismiss count 9 of the indictment which was based on those results on the ground that the blood test had been performed more than two hours after the arrest. Although the defendant acknowledged that Vehicle and Traffic Law § 1194-a, which governs compulsory chemical tests for intoxication, does not contain a two-hour requirement, he argued, and the County Court agreed, that the two-hour limitation contained in Vehicle and Traffic Law § 1194 should be imposed on court-ordered tests.

We reverse the order of the County Court insofar as appealed from and hold that neither the two-hour limitation of Vehicle and Traffic Law § 1194 nor any other specific time limitation is applicable to chemical tests performed pursuant to a court order issued in compliance with Vehicle and Traffic Law § 1194-a *(see generally, People v Mills,* 124 AD2d 600, 601, *lv denied* 69 NY2d 953; *People v Morse,* 127 Misc 2d 468; *see also, People v White,* 133 Misc 2d 386, 391, n 4). The contrary holding in *People v D'Angelo* (124 Misc 2d 1050), is rejected.

Nothing in the unambiguous language of Vehicle and Traffic Law § 1194-a indicates that the Legislature intended to impose a specific time limitation on the performance of court-ordered chemical tests. The omission of such a restriction reflects a rational legislative determination that it was unnecessary. It is reasonable to assume that the intervention of an impartial Magistrate in the issuance of an order for a chemical test insures that the test will not be administered at a time so remote that the results are irrelevant to the central question of the driver's blood alcohol count at the time of the automobile accident.

Pursuant to Vehicle and Traffic Law § 1194-a, a court may only issue an order directing a chemical test of a person's breath, blood, urine or saliva upon a finding of reasonable cause to believe that (1) the person was operating a motor vehicle which was involved in an accident in which another

person was killed or seriously injured; (2) the operation of the vehicle violated Vehicle and Traffic Law § 1192 which prohibits driving while under the influence of alcohol or drugs, or a breath test administered pursuant to Vehicle and Traffic Law § 1193-a indicates that the driver had consumed alcohol; (3) the driver has been lawfully arrested; and (4) the driver has refused to submit to a chemical test after being advised of the consequences of such a refusal, or is unable to consent to such a test. Vehicle and Traffic Law § 1194-a (2) defines reasonable cause as "the totality of circumstances surrounding the incident which, when taken together, indicate that the operator was driving in violation of [Vehicle and Traffic Law § 1192]". The elapsed time between the incident and the request for a court order is one of the circumstances which a court must consider before issuing an order. The determination of reasonable cause is reviewable before trial by way of a motion to suppress the results of the chemical test pursuant to Vehicle and Traffic Law § 1195 (3) and CPL 710.20 (5). A claim that delay in the administering of the test following the issuance of the court order negates the finding of reasonable cause is similarly reviewable.

The omission of a specific time limitation for performance of court-ordered chemical tests also reflects a reasonable legislative concern with the practicality of applying the statute. The absence of an absolute time limit permits the flexibility which is sometimes necessary to obtain a court order during hours when court is not in session.

We reject the defendant's contention that the incorporation by reference of certain subdivisions of Vehicle and Traffic Law § 1194 into Vehicle and Traffic Law § 1194-a indicates that the Legislature intended for the two-hour rule to apply to court-ordered chemical tests. Vehicle and Traffic Law § 1194-a (4) incorporates only those subdivisions of Vehicle and Traffic Law § 1194 which state who may perform a chemical test and which limit the liability of such persons (see, Vehicle and Traffic Law § 1194 [7], [8], [9]). If the Legislature had intended for the two-hour rule of Vehicle and Traffic Law § 1194 to apply to chemical tests ordered by a court pursuant to Vehicle and Traffic Law § 1194-a, it certainly would have included an unequivocal statement to that effect. Indeed, the specific incorporation of certain subdivisions without mention of the remainder of the provisions strongly suggests a purposeful limited choice by the Legislature.

Moreover, the Court of Appeals has held that in cases where

there has been a violation of the Penal Law, as well as a violation of Vehicle and Traffic Law § 1192, a blood sample may be obtained pursuant to a validly issued search warrant, for which there is no specific time requirement, without resort to Vehicle and Traffic Law § 1194 *(People v Casadei,* 66 NY2d 846, 848). It logically follows that, in the absence of an express statement to the contrary, no specific time limitation applies to blood samples obtained pursuant to Vehicle and Traffic Law § 1194-a.

■ The defendant's alternative argument for affirmance, that in the absence of a judicially imposed specific time limitation Vehicle and Traffic Law § 1194-a is void for vagueness, was not raised in the County Court and is, therefore, not properly raised on this appeal *(see, People v Iannelli,* 69 NY2d 684, 685). In any event, the statute in question is not void for vagueness.

A vagueness challenge is determined by application of a two-prong test *(see, People v Nelson,* 69 NY2d 302, 307). First, it must be decided whether the statute in question is sufficiently definite to give fair notice that certain conduct is forbidden *(see, People v Smith,* 44 NY2d 613, 618). The statute at issue in this case does not purport to define criminal behavior. The statute which prohibits the behavior at issue in this case is Vehicle and Traffic Law § 1192, the validity of which is not challenged. Vehicle and Traffic Law § 1194-a merely governs the acquiring of certain evidence admissible to prove a violation of Vehicle and Traffic Law § 1192. Thus, the concern that a person be given fair warning of what is prohibited by law is not implicated by the statute under review, and the defendant's challenge as to this prong must fail.

The second prong of the test is whether the challenged statute establishes standards of enforcement which are sufficiently explicit to avoid application " 'on an *ad hoc* and subjective basis' " *(People v Smith, supra,* at 618). The statute at issue satisfies this requirement.

The provision of the statute mandating judicial intervention before the performance of a chemical test effectively prevents the arbitrary or discriminatory application of the statute *(see, People v Nelson, supra,* at 307-308). As discussed above, the Magistrate reviewing the application must make a determination of reasonable cause based on all the relevant circumstances. Thus, the performance of the chemical tests is not

within the unfettered control of law enforcement. The defendant has, therefore, failed to support either prong of the two-part analysis.

Accordingly, the order of the County Court should be reversed insofar as appealed from, that branch of the defendant's motion which was to dismiss count 9 of the indictment denied, and count 9 of the indictment reinstated.

BRACKEN, J. P., KUNZEMAN and HARWOOD, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss count 9 of indictment No. 252/86 is denied, and that count of the indictment is reinstated.