■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN C. ABEL, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered July 21, 1989, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol.

On the night of February 20, 1988, after drinking an undetermined amount of beer, defendant struck and killed a 23-year-old pedestrian. He was convicted of operating a motor vehicle with a blood alcohol content of .10% or more *(see,* Vehicle and Traffic Law former § 1192 [2]).

Giving each of defendant's arguments their fullest treatment on this appeal, it is apparent they are, for the most part, groundless. For example, the People had no duty to prove that the blood alcohol test was administered within two hours of defendant's arrest. The two-hour requirement of Vehicle and Traffic Law former § 1194 (1) does not pertain to those cases in which, as here, a defendant consents to the procedure *(see, People v Mills,* 124 AD2d 600, 601, *lv denied* 69 NY2d 953; *see*

*also, People v Ward,* 307 NY 73, 76-78). Nor did County Court err when it refused to charge the jury that the facts giving rise to defendant's guilt had to satisfy the "moral certainty" standard. Inasmuch as defendant admitted, after the accident, that he was the one who drove the vehicle which caused the fatality, the prosecution's case did not rest entirely on circumstantial evidence. That being so, the moral certainty standard, which is invoked when a criminal case depends wholly on circumstantial evidence, simply did not apply *(see, People v Barnes,* 50 NY2d 375, 380). And as defendant waited until County Court had excused the jury before asking that it be polled, his untimely demand was properly denied *(see,* CPL 310.80; *see generally, People v Marilla,* 7 NY2d 319, 320). Further, the one-year sentence imposed on defendant, who was previously convicted of driving while ability impaired, can hardly be said to be harsh and excessive *(see, People v Ambrozik,* 104 AD2d 693, 694).

Defendant correctly asserts that the scientific reliability and accuracy of machines which measure blood alcohol content for forensic purposes must be substantiated before their test results may be accepted as evidence *(see, People v Campbell,* 73 NY2d 481, 485). In this instance though, testimony establishing defendant's blood alcohol content came from a qualified expert, a biologist and toxicologist who had practiced for more than 10 years; he opined that "ethyl alcohol was present in the concentration of 0.13 percent by weight". A scientist who relies on firsthand knowledge and experience may render an opinion regarding blood alcohol content *(see, People v Campbell, supra,* at 485, citing *People v Leis,* 13 AD2d 22).

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932, citing *People v Kennedy,* 47 NY2d 196), as we are obliged to do, the verdict was not against the weight of the evidence. It was unequivocally established that defendant had been drinking immediately before the accident. Additionally, the District Attorney and the arresting and investigating officers all believed defendant to be intoxicated when they saw him after the accident; they observed his eyes were bloodshot, he smelled of alcohol, slurred his speech and frenziedly waved his arms about. Beyond that, there is record evidence from which the jury could have fairly inferred that his blood alcohol test, which according to the toxicologist measured .13%, was taken within two hours of defendant's arrest. Such evidence "establishes prima facie a violation of Vehicle and Traffic Law [former] § 1192 (2)" *(People v Mertz,* 68 NY2d 136,

146). Considered in conjunction with the circumstances surrounding the accident—defendant was assertedly oblivious of the fact that he struck a pedestrian, yet the impact caused extensive damage to his pickup truck—all the evidence convinces us that the verdict was not against the weight of the evidence *(see, supra; see also, People v Bleakley,* 69 NY2d 490, 495).

The only other argument defendant preserved for review which merits discussion is his claim that the jury returned a verdict which conflicted with County Court's charge. The court mistakenly instructed that if, as occurred, the jury found "the Defendant guilty of the crime of driving with a blood alcohol content of .10 of one percent or more, then [it] must stop all further deliberations and report such verdict to the Court * * * [and] return no other verdict at all, whether guilty or not guilty, of any of the other offenses submitted to [it]". Because the offense of driving while ability is impaired is not a lesser included offense of driving while one's blood alcohol content is .10% or more *(People v Brown,* 53 NY2d 979, 980; *see,* Vehicle and Traffic Law former § 1192 [3], [4]), the court should not have directed the jury to reach the former offense only if it found defendant innocent of the latter offense. The jury apparently followed these inaccurate instructions, for it convicted defendant only of driving with a blood alcohol content of at least .10%. No prejudice accrued to defendant as a result, however. In fact the charge redounded to his benefit; had the law been properly applied defendant might well have been found guilty not only of the blood alcohol level crime, but also of the impaired ability offense.

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.