■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD STELMACH, Appellant. [595 NYS2d 509] —Appeal by the defendant from (1) a judgment of the County Court, Orange County (Scarpino, J.), rendered March 9, 1989, convicting him of vehicular manslaughter in the second degree and vehicular assault in the second degree (two counts) under Indictment No. 178/88, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered March 9, 1989, convicting him of reckless endangerment in the first degree and driving while intoxicated under Indictment No. 178A/88, upon his plea of guilty, and imposing sentence. The appeal under Indictment No. 178/88 brings up for review, inter alia, the denial of those branches of the defendant's omnibus motion which were to suppress statements made to law enforcement officials and blood sample tests.

Ordered that the judgments are affirmed.

Pursuant to Vehicle and Traffic Law § 1194 (2), an operator of a motor vehicle may be requested to consent to a chemical test at the direction of a police officer within two hours

following his or her arrest. Much weight must be accorded to the determination of the hearing court with its particular advantages of having seen and heard the witnesses (see, *People v Prochilo,* 41 NY2d 759). As the evidence adduced before the hearing court clearly established that the defendant was not placed under arrest until 9:30 P.M., at a hospital, and the test was concededly administered at 10:25 P.M., we conclude that the blood test was performed well within the two-hour statutory period.

In addition, since, as the hearing court found, the defendant consented to the blood test, the two-hour statutory requirement would not apply (see, *People v Abel,* 166 AD2d 841; *People v Mills,* 124 AD2d 600).

The defendant's statement that he had his cruise control set at 66 miles per hour, which was made to an inspector before the defendant was made aware that the inspector was a law enforcement officer, was properly admitted during the People's rebuttal case since the defendant testified that he never made such a remark. A witness's prior voluntary statements may be used for impeachment (see, *People v Maerling,* 64 NY2d 134).

Viewing the evidence in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.