■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ROBINSON, Appellant. [919 NYS2d 371]—

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING ROBINSON, Appellant. [920 NYS2d 162]—

There is no merit to the defendant's contention that evidence of his refusal to submit to a blood test, which occurred more than two hours after his arrest, was improperly admitted into evidence. Vehicle and Traffic Law § 1194 (2) (f) provides that evidence of a person's refusal to submit to a chemical test is admissible in any trial for driving while under the influence of alcohol or drugs, upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and the person persisted in the refusal. Vehicle and Traffic Law § 1194 (2) (a) contains a two-hour time limit within which a chemical test may be performed on a person who is incapable of consenting. However, the two-hour time limit does not apply to court-ordered tests conducted pursuant

to Vehicle and Traffic Law § 1194 (3) (*see People v Atkins*, 85 NY2d 1007, 1009 [1995], citing *People v McGrath*, 135 AD2d 60 [1988], *affd* 73 NY2d 826 [1988]), or independent chemical tests conducted pursuant to Vehicle and Traffic Law § 1194 (4) (b) (*see People v Finnegan*, 85 NY2d 53, 59 [1995], *cert denied* 516 US 919 [1995]). The time limit set forth in Vehicle and Traffic Law § 1194 (2) (a) was not intended by the Legislature to be an "absolute rule of relevance, proscribing admission of [test] results [obtained] after [such a time] period" (*People v Atkins*, 85 NY2d at 1009). Moreover, Vehicle and Traffic Law § 1194 (2) (f) does not include any time limit. Where, as here, the person is capable, but refuses to consent, evidence of that refusal, as governed by Vehicle and Traffic Law § 1194 (2) (f), is admissible into evidence regardless of whether the refusal is made more than two hours after arrest (*see People v Atkins*, 85 NY2d at 1009, citing *People v McGrath*, 135 AD2d 60 [1988]; *People v Ward*, 176 Misc 2d 398, 403 [1998]; *People v Morales*, 161 Misc 2d 128, 135 [1994]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143 [2005]; *People v Taylor*, 1 NY3d 174 [2003]; *People v Benevento*, 91 NY2d 708 [1998]).

The defendant's contention that various comments made by the prosecutor during his summation were improper and deprived him of a fair trial is unpreserved for appellate review, and we decline to review this contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Valerio*, 70 AD3d 869 [2010]; *People v Clarke*, 65 AD3d 1055 [2009]).

The defendant's remaining contentions raised in his pro se supplemental brief also are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.