People v Reynolds (2022 NY Slip Op 02023)





People v Reynolds


2022 NY Slip Op 02023


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2020-08190
 (Ind. No. 238/18)

[*1]The People of the State of New York, respondent,
v
Dale R. Reynolds, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered October 9, 2020, convicting him of attempted assault in the second degree and operating a motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192(3), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and suppress the results of a blood alcohol test.
ORDERED that the judgment is affirmed.
The defendant was indicted for numerous crimes, including a violation of Vehicle and Traffic Law § 1192(3), stemming from an incident that occurred on November 19, 2017. On that date, the defendant was transported to the hospital, where his blood was drawn for medical purposes. On December 29, 2017, the People applied for, and were granted, a search warrant and order of seizure for the defendant's blood sample. The People executed the search warrant, seized the defendant's blood sample from the hospital, and performed a blood alcohol test.
The defendant moved, inter alia, to controvert the search warrant and suppress the results of the blood alcohol test. The Supreme Court, among other things, denied those branches of the defendant's omnibus motion. The defendant thereafter entered a plea of guilty to attempted assault in the second degree and operating a motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192(3). The defendant appeals.
In cases where there has been a violation of the Penal Law, as well as a violation of Vehicle and Traffic Law § 1192, a blood sample may be obtained pursuant to a validly issued search warrant, for which there is no specific time requirement, without resort to Vehicle and Traffic Law § 1194 (see People v Casadei, 66 NY2d 846, 847-848; People v Dell, 175 AD3d 1037, 1038; People v Drayton, 56 AD3d 1278, 1278; People v Elysee, 49 AD3d 33, 42, affd 12 NY3d 100; People v McGrath, 135 AD2d 60, 63-64, affd 73 NY2d 826). Here, the defendant was indicted for violations of the Penal Law as well as the Vehicle and Traffic Law, and the People sought, and were granted, a search warrant pursuant to CPL 690.10(4). Thus, contrary to the defendant's contention, the People did not have to comply with the requirements of Vehicle and Traffic Law § 1194 to obtain [*2]a search warrant in this case (see People v Casadei, 66 NY2d at 847-848; People v Dell, 175 AD3d at 1038; People v Drayton, 56 AD3d at 1278; People v Elysee, 49 AD3d at 42; People v McGrath, 135 AD2d at 63-64).
Contrary to the defendant's contention, the disclosure to the police of his medical record number and the name of the physician who attended to him at the hospital did not violate his physician-patient privilege (see People v Drayton, 56 AD3d at 1278; People v Elysee, 49 AD3d at 39; Kivlehan v Waltner, 36 AD3d 597, 599; Bongiorno v Livingston, 20 AD3d 379, 381; Neferis v DeStefano, 265 AD2d 464, 465).
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court