## 1471 Second Corp. v NAT of NY Corp.

2024 NY Slip Op 33187(U)

September 11, 2024

Supreme Court, New York County

Docket Number: Index No. 652594/2013

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**                    PART            **57M**

*Justice*

-----------------------------------------------------------------------------------X

1471 SECOND CORP.,

                              Plaintiff,

                   - v -

NAT OF NY CORP., NANDO GHORCHIAN AKA NASSER
GHORCHIAN

                        Defendant.

-----------------------------------------------------------------------------------X

| INDEX NO. | 652594/2013 |
| --- | --- |
| MOTION DATE | 07/29/2024 |
| MOTION SEQ. NO. | 007 008 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 261, 262

were read on this motion to/for                 ATTORNEY - FEES        .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 223, 224, 225, 226, 227, 228, 229, 260, 263, 264, 265

were read on this motion to/for                 SET ASIDE VERDICT        .

## BACKGROUND

This action was based on nonpayment of rent by a restaurant who vacated without paying prior to the end of its lease. The action also sought enforcement of a guarantee which defendants asserted was a forged document. After trial, the jury rendered judgment in favor of plaintiff.

Defendants now move for an order pursuant to CPLR 4404(a) setting aside the jury verdict in the interests of justice and ordering a new trial. Plaintiff moves for attorneys' fees as the prevailing party at trial.

The motions are consolidated herein for determination.

For the reasons set forth below the motion to set aside the verdict is denied and the motion for attorneys' fees is granted.

**652594/2013  1471 SECOND CORP. vs. NAT OF NY CORP.**                    **Page 1 of 4**
**Motion No.  007 008**

## THERE IS NO BASIS TO SET ASIDE THE JURY VERDICT

There is no basis in law or fact for the relief sought by defendants. The jury verdict was the result of the jury not crediting the testimony of Mr. Ghorchian that he did not sign the guarantee.

Mr. Ghorchian was remarkably unprepared to testify at trial. For example, when asked during cross-examination if he paid the rent for the time period at issue he stated he could not recall. He told the jury, we could come back in a few weeks after he had a chance to check his bank records. In his closing, defense counsel argued to the jury that Mr. Ghorchian's lack of being prepared should be contrasted with plaintiff's witness who was well prepared, and the jury should therefore find him more credible than plaintiff's witness. Clearly this argument did not carry the day with the jury.

Most of the allegations in Defendants' moving papers are simply untrue. Plaintiff's counsel has in her opposition accurately reflected what happened during the course of the trial.

To the extent the motion to vacate the verdict is based on what defense counsel argues are improper rulings or conduct of the trial by this Court, those issues are best left for appellate review.

The fact that a juror left prior to the commencement of deliberations, and was replaced by an alternate, had no adverse impact on defendant.

While the polling of the jury by the clerk after the verdict was admittedly incomplete, defense counsel waited until after the jury had been discharged to object to the polling. By failing to immediately object while the jury was still present and in the courtroom the objection was untimely. *People v. Abel*, 166 AD2d 841, 842 (3d Dept 1990) ("as defendant waited until County Court had excused the jury before asking that it be polled, his untimely demand was

**652594/2013  1471 SECOND CORP. vs. NAT OF NY CORP.**
**Motion No.  007 008**

**Page 2 of 4**

2 of 4

properly denied"). Counsel had sufficient time to make any such objection because the court gave a final charge pursuant to PJI 1:105 prior to discharging the jury. Had the jury still been present the Court would have redone the polling.

There were no inconsistencies in the verdict.

The court has considered Defendants' remaining arguments and finds them to be without merit.

Based on the forgoing the motion to set aside the verdict is denied in its entirety.

## PLAINTIFF IS ENTITLED TO ATTORNEYS FEES AS THE PREVAILING PARTY

Plaintiff was the prevailing party at trial. The lease and the guaranty both provide for attorneys' fees.

Defendants argue that fees on fees are not permissible.

In New York, "an award of fees on fees must be based on a statute or on an agreement" (*Sage Realty Corp. v. Proskauer Rose,* 288 A.D.2d 14, 15, 732 N.Y.S.2d 162 [2001], *lv. denied* 97 N.Y.2d 608, 739 N.Y.S.2d 98, 765 N.E.2d 301 [2002] ).

*546-552 W. 146th St. LLC v. Arfa*, 99 A.D.3d 117, 120 (2012).

Paragraph 6 of the Guaranty states, in pertinent part:

Guarantor[] hereby agrees to indemnify … Landlord … against all … cost and expense (including costs, disbursements and reasonable attorneys' fees) arising out of or in connection with (i) any breach or default by Guarantor under this Guaranty, (ii) any breach or default by Tenant under the Lease, (iii) defending any right or enforcing any provision of this Guaranty; and (iv) the enforcement of this indemnification provision.

Thus, fees on fees are appropriate herein.

The only remaining issue is whether the amount sought by Plaintiff is reasonable.

Defendants ask for a hearing on the amount of fees.

Given that the amount of fees is contested a hearing is appropriate.

**652594/2013   1471 SECOND CORP. vs. NAT OF NY CORP.**
**Motion No.  007 008**

**Page 3 of 4**

[* 3]

## CONCLUSION

WHEREFORE it is hereby:

ORDERED that Defendants to set aside the verdict is denied in its entirety; and it is further

ORDERED that Plaintiff motion for attorneys' fees is granted; and it is further

ORDERED that the issue of determining the reasonable amount of fees incurred herein is referred for determination pursuant to CPLR 3215(b) to a Special Referee  and within 30 days from the date of this order Plaintiff shall cause a copy of this order with notice of entry, including proof of service thereof, to be filed with the Special Referee clerk (Room 119M, 646386-3028 or spref@nycourts.gov) to arrange a date for reference to determine pursuant to CPLR §4317(b).

This constitutes the decision and order of the Court.

20240911135834SBKRAUS80D1693454FF45DAA1B59BD950D45FBB

| 9/11/2024 | SABRINA KRAUS, J.S.C. |
| --- | --- |
| DATE | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]