■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BROL, Appellant. — Case held, decision reserved and matter remitted to Livingston County Court for a hearing in accordance with memorandum. All concur, Callahan, J., not participating. Memorandum: Defendant has been convicted of manslaughter, second degree, assault, third degree, driving under the influence of alcohol and failure to keep right. The charges arose from an automobile accident in which defendant's vehicle, proceeding southerly on the East Lake Road in the Town of Livonia, collided with a northbound vehicle operated by Charles McDougal. McDougal was killed and his wife and child were seriously injured. At the trial evidence was admitted that defendant had refused to take an alcohol blood test after the accident. Defense counsel, noting that the arresting officer had testified to two different

times of arrest, two hours apart, insisted that this evidence was incompetent because the request was not timely. The court denied defendant's motion for a preliminary hearing or *voir dire* to resolve the factual dispute, however, and it made no finding on the point. We therefore remit the case for a hearing to determine the time when defendant was arrested. If he was requested to take the test after the two hours had expired, evidence of his refusal was incompetent and should not have been considered by the jury. Subdivision 1 of section 1194 of the Vehicle and Traffic Law provides that the operator of a motor vehicle may be tested for blood alcohol within two hours after his arrest at the direction of a police officer if the officer has reasonable grounds to believe the operator has violated section 1192 of the Vehicle and Traffic Law (see, also, *Kowanes v State of New York Dept. of Motor Vehicles,* 54 AD2d 611; *Matter of Murray v Tofany,* 33 AD2d 1080). Unless the test is taken within the two-hour time limit, however, the results are not competent evidence and may not be received in evidence against the operator (see *People v Keane,* 76 AD2d 963; *Matter of White v Melton,* 60 AD2d 1000; *People v Bock,* 77 Misc 2d 350). An operator's refusal to take the test is also admissible in court against him (see Vehicle and Traffic Law, § 1194, subd 4). But if the test's results are incompetent if the test is not administered within the two-hour limit, evidence of the refusal is similarly incompetent evidence against defendant unless obtained within two hours of the arrest. The sworn testimony of the arresting officer in this case indicates that there is an issue of fact on the time of arrest which must be resolved before the evidence of refusal was competent and could be considered by the jury. (Appeal from judgment of Livingston County Court — manslaughter, second degree, and other charges.) Present — Cardamone, J. P., Simons, Callahan, Moule and Schnepp, JJ.