■ In the Matter of ANNA WALINSKA, Appellant, v CITY OF NEW YORK DEPARTMENT OF RENT AND HOUSING MAINTENANCE et al., Respondents. — Judgment, Supreme Court, New York County (Shorter, J.), entered March 8, 1982 dismissing CPLR article 78 petition, is affirmed, without costs. The New York City Office of Rent Control revoked petitioner tenant's senior citizen rent increase exemption for the reason that her "disposable income" exceeded $8,000 per year. It appears that for the year 1979 petitioner's Social Security, interest and dividend income totaled $15,754. Subtracting from this, Federal, city and State income taxes totaling $1,584, the commissioner found that petitioner's 1979 aggregate annual disposable income was $14,170. This did not include any capital gain. Petitioner contends that from this figure there should have been deducted a claimed business loss of $8,492, representing expenses of exhibitions of her art work. The commissioner refused to allow this deduction and Special Term sustained the commissioner. The present issue is not what constitutes taxable income under the tax laws, but how the $8,000 limit (now $10,000) for entitlement to senior citizen rent increase exemption shall be calculated. For this purpose, the statute makes the test that: "(ii) The aggregate disposable income (as defined by regulation of the city rent agency) of all members of the household residing in the housing accommodation does not exceed eight thousand dollars per year, after deduction of federal, state and city income and social security taxes" (Administrative Code of the City of New York, § Y51-5.0, subd n, par [2]). In the exercise of the agency's power to define aggregate disposable income, the rent agency adopted section 34.6 (subd d, par [1]) of the New York City Rent and Eviction Regulations which defines " 'Aggregate disposable income' " to include income from all sources, "whether or not subject to Federal income taxation" and specifically includes "social security and supplemental security income benefits, interest and dividends * * * subject to the following adjustments: (i) all Federal, State and City income taxes and Social Security taxes shall be deducted". There is no provision for deduction of business expenses. Whether we agree with this omission or not, it is understandable in a rent increase exemption provision whose cost is ultimately borne by the city. Apparently the rent commissioner takes the position that expenses incurred in connection with the exhibition of the tenant's art works are merely one way that the tenant disposes of some of her income, but they do not reduce disposable income within the meaning of the rent exemption statute and regulation. The rent commissioner's statement that this business "is carried on solely as a tax shelter", is superfluous. Neither that nor questions of the tenant's good faith enters into the case. What is determinative is the amount of petitioner's aggregate disposable income as defined by the statute and regulations. The commissioner here was interpreting his own regulation and the statute for whose administration he was responsible. His interpretation was not irrational nor unreasonable. "It is well settled that the construction given statutes and regulations by the agency responsible for their

administration, if not irrational or unreasonable, should be upheld." (*Matter of Howard v Wyman,* 28 NY2d 434, 438.) Concur — Murphy, P. J., Silverman, Fein and Alexander, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent and would annul the determination of the rent commissioner. The petitioner who has had a senior citizen rent increase exemption for a number of years, is entitled to the exemption for the year in question provided that her "disposable income" does not exceed $8,000 per year after deduction of income and Social Security taxes. (Administrative Code of the City of New York, § Y51-5.0, subd n, par [2], cl [ii], as amd by Local Law No. 61 of 1980 of the City of New York.) The rent commissioner determined her total income with interest and dividends, etc., to be $14,110 plus Social Security income of $1,644, for a total annual income of $15,754. Deducting income taxes left $14,169.91. Because the petitioner was a self-employed artist, art teacher and art researcher and was attempting to earn income from this long-time occupation, she had legitimate deductions of over $9,000. These deductions included expenses of recent exhibitions, cost of framing, shipping and promotion, which deductions were accepted by the income tax authorities. This reduced her income substantially below $8,000. The issue is a simple one, and that is whether her disposable income was properly considered by the rent commissioner to be over $8,000, as this court holds, or whether the deductions reduced it below that figure. In my view, as long as the deductions from income were in good faith as part of a business, they should be considered in determining "disposable income". There seems to be no question of the good faith involved, although the rent commissioner considers the deductions a "tax shelter".