■ Pro Brokerage, Inc., Respondent, v Home Insurance Company, Appellant. — Order of the Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered June 15, 1983, which granted plaintiff's motion for reargument and upon reargument, recalled its earlier decision and order which granted defendant's motion for summary judgment dismissing the complaint, and denied said motion for summary judgment, with leave to renew upon completion of further discovery by the plaintiffs and directed that said discovery be completed within 60 days, is unanimously reversed, on the law, with costs, the motion for reargument is denied, the order and decision granting defendant's motion for summary judgment dismissing the complaint is reinstated and the complaint is dismissed. ¶ Special Term appropriately observed in its initial order and decision granting summary judgment to the defendant that in a note of issue dated September 7, 1982, plaintiff had indicated that all necessary discovery proceedings had been completed. The fact that the case had been removed from the calendar by agreement between the parties in October of 1982, and was not on the calendar at the time the motion for summary judgment was made is irrelevant. Moreover, it appears that the parties agreed at an October 1, 1982 pretrial conference that the note of issue be withdrawn and the case marked off the calendar in order to allow the defendant to make the motion for summary judgment. It was agreed that if the defendant's summary judgment motion was denied, the defendant would pay the expenses of a new note of issue. Defendant promptly made its motion and Special Term correctly determined that the plaintiff had failed to substantiate the allegations set forth in its complaint and failed to demonstrate that any issue of fact existed which required a trial. The plaintiff's later assertion that further discovery was necessary, not only was set forth in mere conclusory terms, but no attempt was made to explain what further discovery was necessary and to what extent such further discovery would overcome the legal insufficiency of the complaint. Significantly, for the two and one-half years immediately prior to the filing of the note of issue, the only discovery attempted by the plaintiff was a simple four-page set of interrogatories containing 14 questions. Those interrogatories were answered in February, 1981, following denial of defendant's motions to strike them. No further discovery was had or sought by the plaintiff and in September, 1982, plaintiff filed a note of issue certifying that "Discovery proceedings now known to be necessary completed". ¶ As we have repeatedly held, "[a] motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the *relevant facts,* or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (*Foley v Roche,* 68 AD2d 558, 567; emphasis added). Concur — Sandler, J. P., Asch, Silverman, Lynch and Alexander, JJ.