OPINION OF THE COURT
Emily Jane Goodman, J.
*197 Respondent, Herbert W. Stupp, Commissioner of the City of New York Department for the Aging (DFTA) moves pursuant to CPLR 2221 for an order granting reargument and renewal of the petitioner’s application and upon reargument seeking dismissal of the petition. Petitioner’s landlord is not a party to this proceeding.
The CPLR article 78 petition sought a judgment annulling the DFTA’s determination which revoked petitioner’s senior citizen rent increase exemption (SCRIE) for a six-year period retroactive from 1986 and directed the recoupment against the landlord. By decision filed on November 30, 1995, the court granted the petition only to the extent of determining that Mr. Coccaro shall not be required to repay SCRIE benefits previously paid on his behalf by DFTA. The court further found an issue of fact as to whether Coccaro continues to be income eligible for SCRIE benefits and remanded that issue to the respondent for a de novo hearing.
The court grants the application to reargue only as to the issue of petitioner’s continuing eligibility for SCRIE benefits. Re-argument is denied as to the issue of whether petitioner may be ordered to repay the cost of tax abatements that were inappropriately claimed by the landlord. (See, Matter of Sacchetti v City of N. Y. Dept. of Aging, NYLJ, Apr. 17, 1996, at 25, col 5.) Respondent argues that a review of the record will reveal that a de novo hearing is unnecessary because DFTA properly determined that Mr. Coccaro was not income eligible for SC-RIE benefits during the calendar years 1986 through 1991 and that as of 1992 petitioner became income eligible and has since been receiving SCRIE benefits. I agree and, upon reargument, dismiss the petition on this issue only.
The respondent administers the SCRIE program which exempts eligible senior citizens from rent increases, and gives a tax abatement to the landlord equal to the rent exemption. (RPTL 467-b; Administrative Code of City of NY § 26-509.) The challenged SCRIE benefits originally belonged to Mr. Coccaro’s mother. In 1976, petitioner’s mother applied for and received SCRIE benefits. Mr. Coccaro lived in the same rent-controlled apartment with his mother and, upon her death sometime prior to 1985, those benefits were transferred to petitioner. When petitioner filed his recertification request for calendar year 1985, SCRIE staff apparently determined that petitioner was no longer income eligible for SCRIE benefits and allegedly sent revocation notices retroactive to January 1, 1986 to both petitioner and his landlord. Petitioner alleges that he never *198 received the notice and thus he continued to pay his formerly frozen rental of $157.40 per month and the landlord continued to accept the abated rent. The landlord, without obtaining authorization to claim tax abatements, applied for, affirmed on the application form that he had such authorizations and received tax abatements based on the frozen rent. The over-claims were discovered during the course of a routine tax audit. SCRIE sought to recoup the $22,036.80 in claimed tax abatements from the landlord and set petitioner’s rent at $474.38. The landlord then sought the $22,036.80 from Mr. Coccaro who protested SCRIE’s revocation of benefits effective January 1986.
Petitioner filed a protest arguing that his SCRIE benefits should be reinstated which resulted in the opinion and order dated July 26, 1994 (the Order). The landlord also commenced an action against petitioner in Housing Court seeking the $22,036.80 as rent arrearages which action is stayed pending the resolution of this proceeding. It appears that the landlord has since paid approximately half of this amount.
A careful review of the documentation reveals that based on the income documentation submitted by petitioner, DFTA determined that petitioner was ineligible for SCRIE renewal during the years of 1986-1991 because petitioner’s total income during those periods was greater than the SCRIE income ceiling for each year.
Petitioner claims that SCRIE’s calculation of income is vague and arbitrary because it fails to consider his deductions for long-term capital losses as does the Internal Revenue Service in its calculation of Federal income tax due. Thus DFTA failed to reduce petitioner’s income by the $3,000 long-term capital losses, which, petitioner claims, would render him income eligible for SCRIE during the challenged periods.
The relevant statute which defines "income” for SCRIE purposes is RPTL 467-b (1) (c) which provides in pertinent part: " 'Income’ means income from all sources after deduction of all income and social security taxes and includes social security and retirement benefits * * * interest, dividends * * * but shall not include gifts or inheritances, or increases in benefits accorded pursuant to the social security act which take effect after the date of eligibility of head of the household receiving benefits hereunder”.
Additionally, the back of the original SCRIE application filed by Mr. Coccaro’s mother referred to in the petition as being "void” of a clear definition of income states: " 'Income to be Reported’ [includes] * * * total annual income received from *199 whatever source (whether or not subject to Federal income taxation), received by all members of the household. 'Deductions against income to be Reported’ as * * * All Federal, State and City income taxes and social security payments for support made by a member of the household * * * taxes * * * Union dues withheld from wages or salaries.”
The standard of review for an article 78 petition is whether the agency determination was arbitrary or capricious, or affected by an error of law (Matter of Colton v Berman, 21 NY2d 322 [1967]). An interpretation of a statute and regulations given by an agency responsible for their administration should be upheld if not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434). A review of the plain language of the aforementioned statute makes it clear that it was rational for respondents to determine that there is no deduction for a carryover loss since there is no provision for such a deduction within the statutory scheme (see, Matter of Walinska v City of N. Y. Dept. of Rent & Hous. Maintenance, 93 AD2d 722, affd 60 NY2d 658) and since other deductions are specifically mentioned in the statute and the SCRIE notice to petitioner.
Thus, after consideration of the relevant facts and the controlling principles of law (Pro Brokerage v Home Ins. Co., 99 AD2d 971), the court modifies its order to the extent of finding that petitioner was not entitled to reduce his income for SCRIE purposes in the amount claimed as a carryover loss on his Federal income taxes.