OPINION OF THE COURT
Matthew A. Sciarrino, Jr., J.
The People may use the defendant’s refusal to take a blood *922 alcohol content (BAG) test offered over two hours from arrest at the trial of the defendant, and the court’s earlier decision is so modified.
The defendant, David Harvin, is charged with operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [3]) and other related charges. On April 17, 2013, a hearing was held before Judicial Hearing Officer (JHO) Robert Strauss. At the conclusion of the hearing, JHO Strauss recommended this court find that there was probable cause to arrest the defendant; that any statements the defendant made were voluntary beyond a reasonable doubt; and that the defendant’s motion to suppress evidence of the defendant’s refusal to submit to an Intoxilyzer test should be granted because it was in excess of two hours from the defendant’s arrest. The People failed to make any argument about the applicability of the two-hour rule at that hearing or after the hearing in a post-hearing memorandum. This court affirmed the recommendations of JHO Strauss in a May 22, 2013 decision. The People then moved to reargue this court’s decision, asserting that evidence of the refusal should not be suppressed. The defendant opposed the motion.
A motion for leave to reargue made pursuant to CPLR 2221 is left to the discretion of the court, and “is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law” (see Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979]; see also Matter of Llana v Town of Pittstown, 245 AD2d 968, 970 [3d Dept 1997], lv denied 91 NY2d 812 [1998]; Ebasco Constructors v A.M.S. Constr. Co., 195 AD2d 439, 440 [2d Dept 1993]; Pro Brokerage v Home Ins. Co., 99 AD2d 971 [1st Dept 1984]). It is not to serve as a vehicle through which an unsuccessful party reargues the questions previously decided (see Foley v Roche at 567; Pro Brokerage v Home Ins. Co.).
In this case, the People did not present any new facts, but rather argued the law. Therefore, a motion to reargue is the proper vehicle for the relief that the People seek. The motion to reargue is granted and upon that reargument the court’s prior decision is modified.
Facts
On March 4, 2012, at approximately 2:57 a.m., two police officers on car patrol observed the defendant driving a 2003 Mercedes Benz ML320, New York State license plate ENB1930, at a *923 high rate of speed through a steady red light at an intersection. After pursuing the defendant’s vehicle for approximately half a mile, the police pulled the defendant over. After approaching the vehicle’s driver’s side, one officer observed the defendant exhibiting signs of intoxication, including red watery eyes, the odor of alcohol on his breath, and an unsteady gait. The defendant told the officer that he had just left the Essex Bar and Lounge.
At approximately 3:21 a.m., the defendant was placed under arrest and transported to the 78th Precinct. At approximately 5:50 a.m., the defendant was asked to submit to a chemical test of his breath. He refused. The defendant was given several clear and unequivocal warnings of the legal consequences of his refusal to take the test, including that the refusal could be used against him in court. However, he still persisted in his refusal. The defendant’s refusal was recorded on video at the 78th Precinct. From the time of the defendant’s arrest to the time when he refused to take the BAG test, almost 21k hours had passed.
The Two-Hour Rule
The two-hour rule originates in former section 70 (5) of the Vehicle and Traffic Law. The section was amended by the legislature in 1941 to provide that the results of a chemical test for blood alcohol would be admissible at trial, without the need for expert testimony, so long as the test was administered within two hours of the arrest. A compromise of sorts, the two-hour requirement was intended to ensure the relevance of post-arrest evidence of intoxication while allowing for the practical challenges involved in arranging to test the driver (.People v Atkins, 85 NY2d 1007, 1010 [1995]). As codified in former section 70 (5), the two-hour requirement applied to the entire statute and served as a “rule of an evidentiary nature” (People v Morales, 161 Misc 2d 128, 130 [Crim Ct, Kings County 1994]). In 1970, the legislature moved the two-hour provision from the evidentiary provision of section 70 (5), to section 1194, the so-called “deemed consent” provision (id. at 130-131). Under the concept of “deemed” or implied consent, drivers are deemed to have given their consent to a blood alcohol test under the direction of law enforcement, thereby authorizing police officers to obtain relevant evidence of intoxication (Joseph McCormack & Timothy C. Stone, Clarifying the Admissibility of DWI Chemical Test Refusals in New York: The “Two-Hour Rule” Does Not Apply, 82 St John’s L Rev 675, 676-677 [Spring 2008]).
*924 Although the words “two hours” still appear in Vehicle and Traffic Law § 1194 (2) (a), the statutory relocation of the two-hour requirement prompted both the Appellate Divisions and the trial courts to issue differing and at times directly conflicting decisions about the proper scope of the two-hour rule and its applicability to evidence obtained after two hours. In particular, courts have diverged on the question of whether the two-hour rule applies to section 1194 (2) (f), which provides that evidence of a person’s refusal to submit to a chemical test is admissible upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal.
One line of cases, exemplified by the Appellate Division for the Fourth Department in People v Brol (81 AD2d 739, 740 [4th Dept 1981]) continued to treat the two-hour requirement as an evidentiary rule applying to the entire statute, including the refusal provision in section 1194 (2) (f). Thus, the Court held that “[u]nless the [blood alcohol] test is taken within the two-hour time limit, . . . the results are not competent evidence and may not be received in evidence against the operator” (id.). It followed, in the Court’s view, that “if the test’s results are incompetent if the test is not administered within the two-hour limit, evidence of the refusal is similarly incompetent evidence against defendant unless obtained within two hours of the arrest” (id.).
In 1995, the Court of Appeals in People v Atkins appeared to overrule Brol, at least in part, on the admissibility of evidence after two hours. Atkins held that where a defendant “expressly and voluntarily” consents to be tested, the results of the test are admissible at trial even after two hours have elapsed (Atkins at 1009). In reaching its conclusion, the Atkins Court rejected the argument that the two-hour time limit is “an absolute rule of relevance, proscribing admission of the results of any chemical test administered after that period regardless of the nature of the driver’s consent.” (Id.; see also People v Zawacki, 244 AD2d 954, 955 [4th Dept 1997] [holding that “the two-hour limit is inapplicable to chemical tests administered pursuant to defendant’s actual consent” (citation omitted)].)
Because Atkins abandoned the two-hour rule in cases where there was actual consent to a chemical test, some trial courts, concerned about the reliability of evidence of BAG gathered too long after the driver’s arrest and the possible prejudice to a defendant based on such evidence, imposed additional require *925 ments on the prosecution before evidence obtained more than two hours after arrest could be admitted. Thus, in People v Victory (166 Misc 2d 549, 562 [Crim Ct, Kings County 1995]) the court cautioned that “BAG tests beyond two hours may no longer be scientifically relevant and probative of the issue of intoxication.” Accordingly, the court imposed a requirement that a BAG test administered more than two hours after arrest must be demonstrated by expert testimony “to be scientifically reliable and probative on the issue of intoxication in order to be admitted into evidence” (id. at 564).
Furthermore, courts continued to apply the two-hour rule to refusals. In order for a refusal to be used against a defendant, the defendant must be given sufficient warning, in clear and unequivocal language, of the effect of such refusal, and that defendant must persist in the refusal (Vehicle and Traffic Law § 1194). In People v Morris (8 Misc 3d 360, 368 [Crim Ct, Richmond County 2005]) this judge suppressed evidence of a defendant’s refusal given after the passage of two hours. This judge held that even after Atkins, the two-hour rule in Vehicle and Traffic Law § 1194 remained both “evidentiary and procedural” and, as such, required that a chemical test “generally” still had to be administered within two hours of arrest (id. at 365-366). Reading Atkins narrowly, this judge concluded that “[t]wo hours should mean two hours, absent a knowing waiver and consent to take the test” (id. at 366).
In People v Kenny (9 Misc 3d 1104[A], 2005 NY Slip Op 51395[U] [Crim Ct, Richmond County 2005]) evidence of a refusal made nearly three hours after the arrest was suppressed. The court acknowledged that, under Atkins, evidence of a chemical test may be admitted even after two hours have passed where express consent is obtained. However, echoing the Victory court’s concerns about the scientific reliability of such evidence, the court concluded that “[e]ven though admissible, the scientific relevancy of a BAG test administered after two-hours may still be challenged by the defendant as the test results are no longer presumed to be accurate” (9 Misc 3d 1104[A], 2005 NY Slip Op 51395[U], *4 n 9; see also People v Holbrook, 20 Misc 3d 920, 924-925 [Sup Ct, Bronx County 2008] [“Until Atkins is clarified, the prosecution must demonstrate, through expert testimony at a hearing, the scientific reliability and probative nature of test results obtained more than two hours after the arrest”]).
In contrast to the retention of the two-hour requirement in the above cases, a gradual shift away from the two-hour rule *926 was evident in a second line of cases. These cases held that, after Atkins, the two-hour rule was only applicable to section 1194 (2) (a), the implied consent provision. Section 1194 (2) (f), governing refusals, was to be construed liberally, without the two-hour limitation. In People v Morales (161 Misc 2d 128 [Crim Ct, Kings County 1994]) the court allowed evidence of a refusal made two hours after the driver’s arrest. The court reasoned that the two-hour rule was not evidentiary but procedural, stating that the “rule no longer has evidentiary significance because chemical test results obtained more than two hours after a defendant’s arrest by express consent or court order are now admissible” (id. at 132).
People v Ward (176 Misc 2d 398, 401-402 [Sup Ct, Richmond County 1998]) followed Morales in concluding that the two-hour rule no longer governed evidence of intoxication obtained after two hours and that such evidence therefore was admissible. The court held that, in light of Atkins, the two-hour rule “has no application in a determination of the admissibility of evidence that a defendant refused a chemical test.” Where Brol stood for the proposition that refusals after the two-hour period were inadmissible as evidence because chemical tests obtained after the two-hour period were also inadmissible, the court asserted that
“logic now dictates a converse theorem: if evidence of the results of a chemical test expressly consented to by a defendant and administered beyond the two-hour limit is competent, then evidence of a refusal to take such a test, obtained beyond the two-hour limit, must similarly be competent” (id. at 403; see also People v Coludro, 166 Misc 2d 662, 667 [Crim Ct, Kings County 1995] [holding that “the defendant’s refusal should not be suppressed merely because the refusal occurred more than two hours after arrest” (citation omitted)]).
Similarly, in People v Popko (33 Misc 3d 277, 278 [Crim Ct, Kings County 2011]) the court declined to suppress evidence of a refusal made two hours after the arrest, concluding that the logic of cases like Brol was no longer valid. Adopting the reasoning of the Ward court, Popko held that “if the test’s results are competent if the test is administered after the two-hour limit, as Atkins has ruled, then evidence of the refusal is likewise competent evidence against the defendant even if the refusal was obtained two hours after the arrest” (id. at 284). Likewise, in People v Robinson (82 AD3d 1269, 1270 [2d Dept 2011], lv *927 denied 17 NY3d 800 [2011]) the Court held that where “the person is capable, but refuses to consent, evidence of that refusal, as governed by Vehicle and Traffic Law § 1194 (2) (f), is admissible into evidence regardless of whether the refusal is made more than two hours after arrest.”
It also must be noted that at the time this judge decided some of the cases discussed, supra,* it was incorrect to inform defendants, as was done routinely, that if they refused to submit to the test their license would be suspended even after two hours had elapsed. Vehicle and Traffic Law § 1194 (2) (b) (1)
“provides that after the motorist has been placed under arrest or after a breath test which indicates the presence of alcohol in the motorist’s system, and after having been requested to submit to a chemical test, the motorist must be informed that the motorist’s license or permit to drive shall be immediately suspended and subsequently revoked for refusal to submit to such chemical test.” (Joseph R. Carrieri, Practice Commentaries, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1194 at 340.)
Notably, at the time, the Department of Motor Vehicles would not suspend a license unless the test was offered within two hours (see also Matter of Gargano v New York State Dept. of Motor Vehs., 118 AD2d 859 [2d Dept 1986] [finding that a police officer’s incorrect statement of the warning must result in the annulment of the order revoking the petitioner’s driver’s license]).
In addition, then-current New York State Department of Health Regulations regarding the administration of blood and breath tests mandated that the BAG test had to be administered within two hours of the time of the arrest (see People v Kenny). For instance, 10 NYCRR 59.5 (a) of the Health Regulations provided in pertinent part that “[a] breath sample shall be collected at the direction and satisfaction of a police officer within two hours of the time of arrest or within two hours of a positive breath alcohol screening test” (id. [emphasis added]). Section 59.5 (a) now simply states that “[a] breath sample shall be collected at the direction and to the satisfaction of a police officer and shall be analyzed with breath analysis instruments meeting *928 the criteria set forth in section 59.4 of this Part” (emphasis added).
Clearly, there is now an emerging consensus that the two-hour rule is inapplicable to the refusal provision of Vehicle and Traffic Law § 1194 (2) (f). Relying on this judicial trend, the Department of Motor Vehicles (DMV) in June 2012 abandoned its long-standing position that evidence of a driver’s refusal to take a chemical test was inadmissible at DMV hearings if the refusal occurred more than two hours after the driver’s arrest (see Ops Counsel NY St Dept Motor Vehs No. 1-2012 [June 29, 2012]). Citing the holdings of cases like Ward and Popko, the DMV opinion stated:
“In light of these recent and well-reasoned holdings that the two-hour rule is inapplicable to refusals, it is the Department’s view that a motorist who refuses to submit to a chemical test more than two hours after the time of arrest is deemed to have refused [and therefore will have his license suspended], assuming that the other statutory elements of a refusal (i.e., reasonable grounds, arrest, warning and refusal) are established at the hearing.” (At 2.)
Discussion
Jurisprudence like many things can be a continuous journey. The law is not fixed, and even the opinions of a judge can change over the years through discussions with colleagues and by hearing the arguments of advocates. Additionally, the courts that review our decisions, the “policy-making” courts, influence what the law is and what the law should be. Such an evolution has taken place in my decisions on the two-hour rule. While my personal belief may be that the two-hour rule is one of evidence, and that the legislature designed it as such, clearly that is not a majority opinion, nor does it represent the current state of the law in New York. Likewise, it is clear that if our policy courts consider this rule to be no more than an implied consent rule, then a refusal after two hours should be admitted into evidence as long as it is knowing and persistent (Vehicle and Traffic Law § 1194; see People v Robinson), and the People have met their burden as to that knowing and unequivocal refusal in this case. The legislature, for its part, has had ample opportunity to clearly state a desire to return the two-hour rule to an evidentiary rule if it deemed the courts’ positions to be incorrect.
Accordingly, it is ordered, that the court’s May 22, 2013 decision is modified as to the refusal that was suppressed by the *929 JHO; and it is further ordered, that the defendant’s motion to suppress evidence of his refusal is denied.

 See People v Morris (8 Misc 3d 360, 368 [Crim Ct, Richmond County 2005]); People v Kenny (9 Misc 3d 1104[A], 2005 NY Slip Op 51395[U] [Crim Ct, Richmond County 2005]); see also People v Graziuso (23 Misc 3d 1138[A], 2009 NY Slip Op 51181[U] [Crim Ct, Richmond County 2009]).