People v Martinez (2024 NY Slip Op 51485(U))

[*1]

People v Martinez

2024 NY Slip Op 51485(U)

Decided on October 29, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 29, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Raul Martinez, Defendant.

Docket No. CR-022971-22BX

For the People: Darcel D. Clark, District Attorney, Bronx County
(by: ADA Jennifer Rentrope)
For the Defendant: The Bronx Defenders
(by: Matthew S. Bruno, Esq.)

Yadhira González-Taylor, J.

On December 18, 2022, defendant Raul Martinez was arraigned on an accusatory instrument charging him with violating Vehicle and Traffic Law ("VTL") §§ 1192 (2) (driving while intoxicated, per se), 1192 (2-a) (a) (aggravated driving while intoxicated, per se), 1192 (3) (driving while intoxicated), all misdemeanors, and 1192 (1) (driving while impaired). Following Ingle/Johnson/Atkins/Mapp/Dunaway/Huntley hearings, held on June 28, 2024, and July 8, 2024, this Court rendered a Decision and Order which denied defendant's Ingle/Mapp/Dunaway and Johnson/Atkins motions to suppress evidence but granted defendant's Huntley motion to suppress his statement to the police. 
On September 10, 2024, defendant moved for an order granting leave to reargue the Court's denial of his motion to suppress the results of a chemical breath test (Johnson) pursuant to Civil Practice Law and Rules ("CPLR") § 2221 (d). Specifically, the defense contends that the Court overlooked or misapprehended matters of fact or law concerning the voluntariness of a consent search by means of a chemical blood test administered to the non-English speaking defendant. On September 27, 2024, the People filed their opposition to defendant's motion to reargue and on October 7, 2024, defendant filed his reply brief. For the reasons set forth herein, the People's request for leave to reargue is GRANTED, and upon reconsideration, defendant's motion to suppress the IDTU video and the results of the chemical breath test is also GRANTED. 
 DISCUSSION
I. Applicable Legal Standard
CPLR § 2221 (d)(2) Motion to Reargue
A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion (see CPLR § 2221 [d] [2]). 
Additionally, it is well-settled that "a motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (see Pro Brokerage, Inc., v Home Ins. Co., 99 AD2d 971, 472 NYS2d 661-662 [1st Dept 1984] citing Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979]).
II. The Parties' Arguments
Initially, defense counsel avers that because there were no translations entered into the record concerning any Spanish language warnings given to defendant before he was administered the chemical breath test, the Court was required to find that the prosecution had not met its "heavy burden" to establish the voluntariness of defendant's consent. Further, defense counsel maintains that it is settled law within the First Department that the voluntariness of a non-English speaking motorist's consent to a chemical breath test cannot be determined without first establishing what was actually communicated to the motorist. Defendant also notes that the absence of a translation in the record would impede the possibility of appellate review even where a judge or party may understand the contents of a foreign language recording. 
The People aver that notwithstanding the Court's preclusion of the Spanish-speaking police officer and the Spanish language interpreter of the IDTU video, the Court did not rule on the admissibility of the certified translation itself (People's affirmation at 13). Moreover, the prosecution asserts that it never abandoned the request to admit the interpreter's translation (People's affirmation at 12). Citing to case law for the proposition that an appellate court cannot review issues left undecided by a trial court, the People contend that the hearing should be reopened to address the admissibility of the translation lest the matter be remitted to the trial court if they decide to seek appellate review at some later time (People's affirmation at 13). Next, the prosecution argues that defendant is trying to have his cake and eat it too by complaining that the record is devoid of a certified translation of the warnings administered to defendant after having argued against the introduction of the translation at the suppression hearing (People's affirmation at 13). Additionally, the prosecution complains that defense counsel has repeated the same arguments that were presented at the suppression hearing, to no avail, and that the Court had already been provided with the caselaw which defense counsel now relies upon in support of this motion (People's affirmation at 15). 
Lastly, defendant's reply brief maintains that contrary to the prosecution's assertion, the arguments presented in his motion to reargue are consistent with those assertions made in opposition to the People's belated disclosure of witness names and other discoverable materials at the suppression hearings.
III. The Court's Analysis
As a threshold matter, we find that the moving party has demonstrated that the Court misapplied a controlling principle of law (see Pro Brokerage at 662). 
It is well-settled that the People have the burden of proof concerning a defendant's [*2]voluntary consent to a breathalyzer test (see People v Medel-Dominquez, 58 Misc 3d 130[A], 2017 NY Slip Op 51747[U], *1 [1st Dept 2017]["The People failed to present a full translation of the video recording of the test, particularly the conversation in Spanish between defendant and the Intoxicated Driver Testing Unit officer"]; see also People v Dobson, 285 AD2d 737, 738 [1st Dept 2001]["Where the People rely on consent to justify an otherwise unlawful intrusion, they bear the heavy burden of establishing that such consent was freely and voluntarily given"][internal quotations omitted]; see also People v Corbin, 201 AD2d 359 [1st Dept 1994][The prosecution failed to meet its heavy burden with respect to the defendant's voluntary consent to search his car]).
In the case at bar, the People advised the Court that their intended Spanish-speaking witness, PO Edwin Hernandez, was unavailable to testify because he is on military leave (tr at 9, June 28, 2024 hearing). The prosecution then advised the Court that PO Ismael Reyes-Lopez, another Spanish-speaking officer, would be called as a witness instead (tr at 26, June 28, 2024 hearing). However, the Court was persuaded by arguments advanced by defense counsel that although the People had three months to determine who they would call as witnesses, Giglio materials for PO Reyes-Lopez were belatedly disclosed on the eve of the suppression hearing and, thus, preclusion of testimony from PO Reyes-Lopez was warranted (tr at 27-28, June 28, 2024 hearing).
Next, at the continued suppression hearing held on July 8, 2024, the prosecution proffered as evidence a certified translation of the IDTU video in lieu of calling the interpreter of the video as a witness (tr at 55-56, July 8, 2024 hearing). However, notwithstanding the People's contention that the admissibility of the certified translation was left unresolved, at no time during the hearing did the People advance an argument that the certified translation should be entered into evidence, nor did they proffer any foundation to have the translation entered as an exhibit (tr at 56, July 8, 2024 hearing). Accordingly, the People's assertion that the issue of the admissibility of the certified translation was left unresolved is wholly without merit. Moreover, the Court held that the belated disclosure of the interpreter as a witness on the eve of trial violated defendant's right to confrontation and the witness was precluded (tr at 57, 75, July 8, 2024 hearing).[FN1]

Consequently, there was no translation of what was communicated in Spanish to defendant prior to his breathalyzer test solely because of the People's dereliction of their discovery obligations. Hence, the People will not be heard to argue that, but for defense counsel's objection, a translation of the IDTU warnings would have been entered into evidence.Based upon the record at bar, the Court cannot determine the contents of the IDTU video and, thus, there is no basis to find that the People met their heavy burden to demonstrate that defendant voluntarily consented to the chemical breath test (see Medel-Dominquez, 2017 NY Slip Op 51747[U], *1. 

 CONCLUSION
Upon review and consideration of the submissions, court file and relevant legal authority, we find that defendant established that this Court misapplied controlling authority. Accordingly, defendant's request for leave to reargue pursuant to CPLR § 2221 (d) (2) is GRANTED and upon reconsideration, defendant's motion to suppress the IDTU video and the results of the chemical breath test is also GRANTED. 
This constitutes the opinion, decision, and order of the Court.
Dated: October 29, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:The interpreter had been listed as a witness three months earlier in the People's third Certificate of Compliance but was subsequently omitted from lists provided to defense counsel which led the defense to assume that said person would not be called as a witness. The prosecution proffered no reasonable explanation other than to state the omission was an oversight.