**Chao v Burges**

2025 NY Slip Op 30165(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 654164/2021

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. EMILY MORALES-MINERVA**          PART          42M

*Justice*

-------------------------------------------------------------------------X

STEPHEN CHAO, MARIANN MADRON

                    Plaintiff,

          - v -

ANTHONY BURGES,

                    Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654164/2021 |
| MOTION DATE | 08/28/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .

APPEARANCES:

> The Law Office of Theodore Geiger, PLLC, New York, New York (Theodore Geiger, Esq., of counsel) for Plaintiffs.

> The Kimmel Law Firm, New York, New York (Brian S. Kimmel, Esq., of counsel), for Defendant.

HON. EMILY MORALES-MINERVA:

In this action for fraud and promissory estoppel, plaintiffs STEPHEN CHAO and MARIANN MADRON (Plaintiffs) move, pursuant to CPLR § 2221 (d) and (e), for leave to renew and reargue the Decision and Order, dated July 24, 2024, of the undersigned.[1]  Defendant ANTHONY BURGES opposes the motion.

---

[1] The subject order denied plaintiffs' motion for summary judgment in its entirety and granted plaintiffs' motion to dismiss defendant's affirmative defenses and counterclaim, in part, to the extent of dismissing the counterclaim and affirmative defenses numbered third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first (see NYSCEF

**654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY**                    Page 1 of 4
**Motion No.  005**

[* 1]

At the outset, the Court notes that pursuant to this Court's Decision and Order dated July 24, 2024, plaintiffs were ordered to "serve defendant with notice of entry within ten days from the date of this decision and order" (NY St Elec Filing [NYSCEF] Doc. No. 159, Decision and Order, dated July 29, 2024). Plaintiff failed to serve defendant with notice of entry and to date has not done so. Therefore, this motion is procedurally improper (see CPLR § 2221 [d][3]; see also NYSCEF Doc. No. 203, Defendant's Affirmation in Opposition). In any event, for the reasons set forth below, the motion is denied entirely.

A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion" (CPLR § 2221 [d][2]).[2] "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided . . . or to present arguments different from those originally asserted" (Setters v AI Properties and Developments (USA) Corp., 139 AD3d 492 [1st Dept 2016]; see also Pro Brokerage, Inc. v Home Ins. Co., 99 AD2d 971, 971 [1st Dept 1984]. The purpose of

---

Doc. 159, Decision and Order dated July 29, 2024).
[2] CPLR § 2221(d) states, "a motion for leave to reargue: (1) shall be identified specifically as such; (2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and (3) shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of entry."

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY          Page 2 of 4
Motion No. 005

[* 2]

reargument is to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (see generally Pro Brokerage, Inc., 99 AD2d at 971). Further, the granting of a motion to reargue is left to the sound discretion of the Court, whose decision the moving party seeks to reargue (id.; see also Peak v Northway Travel Trailers Inc., 260 AD2d 840 [3d Dept 1999]).

Applying these principles here, plaintiffs do not establish that the Court overlooked or misapprehended any matters of fact or law. Instead, plaintiffs repeat arguments and assertions raised in their prior motion for summary judgment. Given these arguments were previously considered, and rejected in connection with plaintiffs' original motion, the motion to reargue pursuant to CPLR § 2221 (d) is denied.

Pursuant to CPLR § 2221 (e), "a motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion"[3] (Burgos v Darden Restaurants, Inc., 2025 NY

---

[3] CPLR § 2221 (e) provides, "a motion for leave to renew: (1) shall be identified specifically as such; (2) shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and (3) shall contain reasonable justification for the failure to present such facts on the prior motion."

654164/2021 CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 005

Page 3 of 4

3 of 4

[* 3]

Slip Op 00009 [3d Dept 2025] [internal quotation marks omitted]). "Renewal is granted sparingly and should not be used as a second chance freely given to parties who have failed to exercise due diligence in making their first factual presentation" (Wade v Giacobbe, 176 AD3d 641 [1st Dept 2019]).

Here, plaintiffs "move to renew and add additional factual representation to support" the admissibility of plaintiffs' exhibits, which this court previously held were not in admissible form (see NYSCEF Doc. No. 197, Plaintiffs' Memorandum of Law; see also NYSCEF Doc. 159, Decision and Order, dated July 29, 2024). However, attempting to submit previously submitted materials in proper form does not equate to presenting a new fact. Therefore, plaintiffs' motion for renewal pursuant to CPLR § 2221 (e) is denied.

Accordingly, it is

ORDERED that plaintiffs STEPHEN CHAO and MARIANN MADRON motion (seq. no. 005) is denied in its entirety.

|  1/7/2025  |  |  |  |  |  Emily Morales-Minerva  |  |
|  DATE  |  |  |  |  |  EMILY MORALES-MINERVA, J.S.C.  |  |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]